UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60863-CIV- COOKE/BANDSTRA

COLONY INSURANCE COMPANY,

    Plaintiff

v.

DEBRA WALLACE,

    Defendant.

_____/

**ORDER VACATING CLERK'S DEFAULT AND
DIRECTING DEFENDANT TO ANSWER COMPLAINT**

THIS MATTER is before me on Defendant's Motion to Set Aside the Clerk's Default against Defendant, Debra Wallace [ECF No. 36]. I have reviewed the parties' arguments, the record, and the relevant law, and for the reasons set forth below, Defendant's Motion to Set Aside or Vacate the Clerk's Default is granted.

### *I. BACKGROUND*

On or about April 14, 2010, Plaintiff, Colony Insurance Company, filed an amended complaint against Debra Wallace seeking declaratory judgment. [ECF No. 14]. Defendant, *pro se*, failed to answer the complaint, and Plaintiff thereby moved for default judgment. [ECF No. 15]. Due to a lack of verification that service of process was properly effectuated on Defendant, the Clerk entered an Order of Non-Entry of Default. [ECF No. 16]. After filing the pertinent affidavit, Plaintiff once against moved for entry of default, which was entered by the Clerk on September 21, 2010. [ECF Nos. 29, 30].

On September 30, 2010, this Court entered an Order to Show Cause asking Plaintiff to file a motion for final default judgment and requiring Defendant to show good cause for her failure to respond to the Summons and Complaint. [ECF No. 42]. On or about October 7, 2010, and as required by this Court, the Plaintiff filed its Response to the Court's Order. [ECF No. 46]. On November 3, 2010, Defendant did the same. [ECF No. 47].[1] In her Response, Defendant denied ever receiving a copy of the Summons and Complaint, and thereby argued that an entry of default against her would effectively foreclose any opportunity to vindicate her interests. On the other hand, Plaintiff reiterated that final judgment should be entered.

## II.  LEGAL STANDARD

A court may set aside a clerk's default for good case shown. Fed. R. Civ. P. 55(c); *Compania Interamericana, Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). In determining whether good cause exists, "courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id.*; *see also Robinson v. U.S.*, 734 F.2d 735, 739 (11th Cir. 1984).

## III.  DISCUSSION

Pursuant to Rule 15(a)(3) of the Federal Rules of Civil Procedure, a response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later. Although a party who fails to comply with this rule may be subject to a default judgment, *pro se* litigants who are not

---

[1] Plaintiff incorrectly claims that Defendant failed to comply with the Order to Show Cause. [ECF No. 48]. Due to a clerical filing error, Defendant's Response to the Order to Show Cause was received on or about October 7, 2010 and was docketed on November 4, 2010.

2

familiar with complex court procedures should be given greater leeway. *Dean v. Barber*, 951 F.2d 1210, 1213 (11th Cir. 1992) (*citing Haines v. Kerner*, 404 U.S. 519, 520 (2008)).

Plaintiff argues that Defendant's failure to respond to Plaintiff's Amended Complaint is fatal. However, Defendant denied ever receiving a copy of Plaintiff's amended pleading, arguing that way that her failure to answer was anything but deliberate. Because I find Defendant's failure to answer Plaintiff's Amended Complaint was not willful, entering default judgment in Plaintiff's favor under these circumstances would be extremely prejudicial and unfair to a *pro se* litigant.

### IV.  CONCLUSION

For the reasons set forth above, I hereby **ORDER AND ADJUDGE** as follows:

1. Defendant's Motion to Set Aside the Clerk's Default is **GRANTED**.

2. Defendant shall have 21 days from the date of this Order to respond to Plaintiff's Amended Complaint.

**DONE AND ORDERED** in Chambers, at Miami Florida this 2nd day of December 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of Record*

Debra Wallace
3766 NW 201 Terrace
Miami Gardens, FL 33055

3